UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21070-CIV-HOEVELER

YOLANDA HUDSON,

      Plaintiff,

v.

TEVA PHARMACEUTICALS USA, INC.,
TEVA BRANDED PHARMACEUTICAL PRODUCTS
R&D, INC., and JOHN DOE #1 THROUGH JOHN DOE #10,

      Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE comes before the Court on Defendants'[1] Motion to Dismiss Plaintiff's Amended Complaint. The Court has reviewed the motion, response,[2] and reply, and has determined that the motion to dismiss should be denied.

## BACKGROUND

Plaintiff claims that Defendants are liable for Plaintiff's injuries because the Defendant's medical device was defective, and because the Defendants failed to warn

_____

[1]The Motion to Dismiss was filed on behalf of Defendants Teva Pharmaceuticals USA, Inc., and Teva Branded Pharmaceutical Products R&D, Inc. Plaintiff has identified the John Doe defendants as "corporations, partnerships, companies or other entities involved in the marketing, design, development, manufacture, testing, selling labeling, packaging, advertising, promotion, supplying, distribution, prescription or release of Paragard Intrauterine Devices." Amended Complaint, ECF No. 28, ¶ 11.

[2]Plaintiff filed an untimely response.

of the risks of using the device. The device at issue is the Paragard Intrauterine Device ("Device"). Amended Complaint (ECF No. 28), ¶ 7.[3]  Plaintiff alleges that she elected to have the Device[4] inserted in March 2008 and, after "severe complications" with the Device it was removed one year later. The complications included the piercing of Plaintiff's uterus; at the time of removal the Device was "lodged into Plaintiff's colon" and, as a result, part of Plaintiff's colon was surgically removed. Id., ¶ 20.

Defendants seek dismissal, arguing that Plaintiff's claim in Count II (that Defendants failed to provide a warning about certain risks) is fatally flawed. Specifically, Defendants argue that Plaintiff admits in her pleading that she was warned of the specific damage she experienced.  According to Plaintiff's complaint: "Although the warning label *does list perforation and embedment in the myometrium and damage to adjacent organs if it is left in the peritoneal cavity*, this is far from a model of clarity to warn of the damage complained of by the Plaintiff." ECF No. 28, ¶ 55 (emphasis added). Defendants also note that Plaintiff alleges that it was "general knowledge" that the Device "can cause the harm outlined on the warning label of the product." Id., ¶ 15.

Defendants have made other arguments in support of dismissal of Plaintiffs'

---

[3]Plaintiff's Amended Complaint differs from the proposed Amended Complaint submitted with her "Motion to Ammended [sic] Complaint" filed June 6, 2013. For example, the draft amended complaint included six counts but the pleading filed July 29, 2013, omits the counts for negligence, negligent misrepresentation , and "strict liability design defect."

[4]Although the Court refers to the Paragard as a "device," it appears from the record that Paragard is considered to be a prescription drug, according to the United States Food and Drug Administration. See, ECF No. 12, at p. 5.

claims of manufacturing defect (Count III), and Plaintiff's general allegation of strict liability (Count I).  Plaintiff responds in opposition, arguing that she has met the relevant standards under Florida law,[5] and that her complaint adequately describes that the warnings were legally insufficient.

ANALYSIS

When determining the sufficiency of a complaint at the motion to dismiss stage, the factual allegations and inferences contained therein must be accepted as true and construed in whatever light is most favorable to the Plaintiff.  The Court must then determine whether those allegations are sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Nearly forty years ago the Supreme Court of Florida adopted the doctrine of strict liability in the context of products liability. West v. Caterpillar Tractor Co., Inc., 336 So.2d 80 (Fla. 1976). "Strict liability does not make the manufacturer or seller an insurer. Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence." West v. Caterpillar Tractor Co., Inc., 336 So.2d 80, 90 (Fla. 1976). Prior to that decision, Florida law already recognized a duty to warn a user of a product's inherently "dangerous potentialities." Tampa Drug Co. v. Wait, 103 So.2d 603, 607 (Fla. 1958). "Implicit in the duty to warn is the duty to warn with a degree of intensity that would cause a reasonable man to exercise for his own safety the caution

---

[5]This case was removed to this Court pursuant to this Court's diversity jurisdiction, and the Court applies Florida substantive law to Plaintiff's claims.

3

commensurate with the potential danger." Id., at 610.[6]

In order to establish strict liability for a failure to warn, a plaintiff must establish that the defendant manufacturer did not adequately warn of a particular risk that was known or knowable in light of the generally recognized and prevailing best scientific and medical knowledge available at the time of manufacture and distribution. See, e.g., Ferayorni v. Hyundai Motor Co., 711 So. 2d 1167, 1172-73, (Fla. Dist Ct. App. 4th 1998) (remanding action for failure to warn of use of seatbelt under-arm instead of over the shoulder due to trial court's failure to instruct jury accurately), reversed on other grounds, 795 So.2d 126 (Fla. Dist. Ct App. 4th 2001).[7]

Plaintiff's complaint describes the product warnings as "vague, incomplete or otherwise wholly inadequate" to alert her physician to the risks associated with use of the Device. Id., ¶ 21.  Plaintiff also alleges that she will have "an expert testify that warnings did not adequately convey information regarding increased risk of health problems that Plaintiff suffers from; and in fact will show that the warning label only minimize [sic] the damages caused by their device." Id., ¶ 62.

---

[6]"[A] manufacturer of a 'dangerous commodity,' such as a prescription drug or a medical device, has a duty to warn consumers of the known risks of using its product.  Failure to provide that warning may render the manufacturer strictly liable for any resulting harm."  Horrillo v. Cook, Inc., 2012 U.S. App. LEXIS 26317 (11th Cir. Nov. 7, 2012), citations omitted.

[7]The Supreme Court of Florida has preliminarily approved standard jury instructions for a claim of strict liability for failure to warn:  "A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous."  In re: Std. Jury Instructions in Civ. Cases - Report No. 09-10, 91 So.3d 785 (Fla. 2012), Instr. 403.8.

Under Florida law, the warning at issue is the warning communicated to Plaintiff's physician.[8] "[I]n the context of certain medical products, such as medical devices, the manufacturer may discharge its duty to warn by providing an adequate warning to the treating medical professional - the learned intermediary - rather than the patient." Horrillo v. Cook, Inc., 2012 U.S. App. LEXIS 26317 (11th Cir. Nov. 7, 2012), citations omitted. Plaintiff complains that her physician "did not have the information communicated to her that; [sic] Plaintiff would sustain injuries to the point where she could become 100 percent permanently disabled, may have partial organs removed, and would need the services of a guardian to perform everyday tasks." Am. Compl., ¶ 56.

Defendant has provided the Court with a copy of the relevant warnings, ECF No. 35-1, of which this Court may take judicial notice.[9] In the section titled "Prescribing Information" (i.e., the warning directed at the physician, presumably) the warning states:

> Partial or total perforation of the uterine wall or cervix may occur rarely during placement, although it may not be detected until later. Spontaneous migration has also been reported.... Intestinal penetration, intestinal obstruction, and/or damage to adjacent organs may result if an IUD is left in the peritoneal cavity.

---

[8]"The manufacturer's duty to warn of drug hazards runs to the physician, not directly to the patient." Christopher v. Cutter Labs., 53 F.3d 1184, 1192 (11th Cir. 1995), citing Felix v. Hoffman-LaRoche, Inc., 540 So. 2d 102, 105 (Fla. 1989).

[9]The Court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment, particularly when such facts are not subject to reasonable dispute because they are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. See also Chapman v. Abbott Labs., 930 F. Supp. 2d 1321, 1323 (M.D. Fla. 2013) (taking judicial notice of a drug warning label and statements contained therein).

Id., at p. 3. According to the "Information for patients" section of the warnings:

> Rarely, ParaGard goes through the wall of the uterus, especially during placement. This is called perforation.... Surgery may be needed. Perforation can cause infection, scarring, or damage to other organs.

ECF No. 35-1, p.6.

Under Florida law, "the sufficiency and reasonableness of a manufacturer's warnings are questions of fact which are best left to the jury unless the warnings are accurate, clear, and unambiguous." Scheman-Gonzalez v. Saber Mfg. Co., 816 So.2d 1133, 1140 (Fla. Dist. Ct. App. 4th 2002). Although a brief review of the warnings which accompanied the Device suggests that the warnings address the harm of which Plaintiff complains, it ultimately may be demonstrated that these warnings were not accurate or clear. At this stage of the proceedings the Court must construe all of the facts in the light most favorable to Plaintiff; under this standard, the Court finds that Plaintiff has stated a plausible claim for relief as to her allegations that Defendant failed to provide a legally sufficient warning. This determination is not an indication that the Court finds Plaintiff's claim likely to succeed, as a well-pleaded complaint can survive a motion to dismiss even if it appears that "a recovery is very remote and unlikely." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

As to Plaintiff's other claims, the Court notes that Plaintiff has alleged, in Count III, that the Device malfunctioned "during the normal use and operation of the product." Amended Complaint, ¶ 75. Plaintiff alleges that the Device "was defective or created an unreasonably dangerous condition in that the injuries to the Plaintiff far exceeded those outlined on the warning label." Id., ¶ 66. Plaintiff no longer has the Device, and argues that her pleading sufficiently alleges a claim for strict liability for

manufacturing defect.  A manufacturer can be held liable under Florida law if the manufacturer's product had a defect that rendered it unreasonably dangerous and the unreasonably dangerous condition was the proximate cause of the injury.  Jennings v. BIC Corp., 181 F. 3d 1250, 1255 (11th Cir. 1999).  According to Plaintiff, the Device was defective "when the Respondent placed the device in the stream of commerce for use by the public, including Plaintiff" and this defect "was the legal and proximate cause of Plaintiff's injury" and such "injuries and side effects exceed that of those listed on the product warning label."  Id., ¶¶ 67, 69.  In Count I, Plaintiff alleges that the Device "was defective or created an unreasonably dangerous condition in that it caused injuries to the Plaintiff above what was expected by reading the warnings outlined on the product's label."  Id., ¶ 39.

Construing all of the alleged facts in the light most favorable to Plaintiff, the Court is unable to conclude that the allegations in Counts I and III are independent of those in Count II - as each of the Counts refers to the allegedly insufficient warning. As the Court has determined that Count II contains a plausible claim for relief, and Counts I and III also appear to at least minimally state a basis for relief, the Court finds that dismissal is not warranted.

## CONCLUSION

Based on the above, the Court concludes that dismissal is not warranted pursuant to Fed. R. Civ. P. 12(b)(6), nor on any other basis.  It is therefore

7

ORDERED AND ADJUDGED that the motion to dismiss is DENIED.[10]

DONE AND ORDERED in Miami, Florida, this 20th day of March, 2014.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:  counsel of record

---

[10]Defendants' motion for hearing is DENIED, as MOOT.

8